STATE of Missouri, Respondent,

v.

William Edgar FARRIS, Appellant.

No. 44587.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 1982.

McIlrath & Maynard, Flat River, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Mark L. Akers, Pros. Atty., Potosi, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction, by a jury, of rape in violation of § 566.030 RSMo.Supp.1981. The jury assessed punishment of ten years imprisonment, and the court sentenced him in accordance with the jury's assessment.

Defendant raises two points on appeal. In his principal point, he contends the state did not make a submissible case. In his other point, he contends that the deputy sheriff's testimony that certain tire tracks were made by a truck was without proper foundation and that the court erred in permitting that testimony to stand.

The state called two witnesses, the victim and a deputy sheriff. The victim testified as follows. Between 2:30 and 3:00 on the afternoon of August 23, 1980, the victim was walking along the shoulder of a road on her way to a friend's home. A man driving a dark green pickup truck pulled his truck up next to the victim and offered her a ride. She accepted the offer and got in the truck. Twice the man asked her to kiss him, and twice she refused. The second time, he also grabbed her arm, but when she told him to leave her alone, he desisted. The man then turned the truck off the paved highway and on to a gravel road which he followed to a deserted field. He pulled the truck into the field and stopped. He then grabbed the victim and forced her down on a pile of clothing in the seat of the truck, and he moved to the passenger side of the truck. He asked her if she "was going to let him," and she responded, "No, please don't," and began to cry. He covered her mouth with his hand and asked her to stop crying. He tried to remove her shorts, and she struggled to keep them on until he began tearing them. He removed her shorts and underpants and then removed the tampon she was wearing and dropped it on the ground. Several times the victim tried to get out of the truck, but the man pushed her back down on the pile of clothes. Again she asked him, "No, please don't," but he climbed on top of her and committed an act of intercourse upon her. The man at no time struck the victim, but she was in fear of him. After the intercourse, the victim inserted a fresh tampon and dropped the wrapper and applicator on the ground. She cleaned herself with a piece of clothing from the pile on the seat and put her clothes back on. The man drove her to the highway where she got out of the truck and walked to the home of an acquaintance who took her to a telephone. She called the

sheriff's office and reported the incident, and then her acquaintance drove her to the county jail. There officers gave her two books of photographs, and she identified a photograph of defendant as a picture of the man who raped her.

The deputy sheriff testified that he went with the victim to the field where she alleged she had been raped. There he found tire tracks made by a pickup truck, a used tampon, and the wrapper and applicator from a new tampon.

Defendant's only defense was alibi. He called three witnesses, Mrs. Owens, Mrs. Saunchegraw, and Mrs. Henry. Mrs. Owens testified that she was with defendant at her home from approximately noon until 11:00 p. m. on the day the victim was raped. Mrs. Saunchegraw testified that she arrived at the home of Mrs. Owens at 10:00 a. m. on the day in question and that defendant arrived at noon and was still there when she left at 6:00 p. m. Mrs. Henry testified she saw defendant's truck parked outside Mrs. Owens' home at approximately 2:00 p. m. or 2:30 p. m. on August 23, 1980, and that when she dropped by to check on Mrs. Owens at 11:00 p. m. defendant was just leaving. Further, she testified that defendant was in the habit of carrying clothes in his truck. All three of defendant's witnesses testified that defendant drove a dark-colored pickup truck.

In determining the sufficiency of the evidence, we accept as true all evidence in the record tending to support the jury's verdict and all favorable inferences that reasonably may be drawn from that evidence. We disregard the defendant's evidence except as it supports the verdict. *State v. Puckett,* 611 S.W.2d 242, 244 (Mo.App.1980).

In order to make a submissible case of rape, the state must produce evidence tending to show that the defendant and the victim were not married to one another, that the defendant had sexual intercourse with the victim, that the victim did not consent, and that the defendant used forcible compulsion. § 566.030 RSMo. Supp.1981. Sexual intercourse achieved through the victim's fear of injury is not consensual. Utmost resistance on the part of the victim is not required when she is in fear of personal violence. *State v. Greer,* 616 S.W.2d 82, 83 (Mo.App.1981).

Clearly, there was evidence here sufficient to support the jury's verdict. The victim testified that defendant, who was a stranger to her, had sexual intercourse with her, that she did not consent, and that she was in fear of him. This uncontradicted testimony alone is sufficient to support the verdict. *State v. Gray,* 423 S.W.2d 776, 781 (Mo.1968). However, there was other testimony here to corroborate the victim's testimony that defendant raped her. She reported the incident to the police as soon as possible. Evidence of prompt complaint tends to corroborate a rape victim's testimony. *State v. Richardson,* 349 Mo. 1103, 163 S.W.2d 956, 960 (1942). Further, the deputy testified that he found the used tampon and the wrapper and applicator from a fresh tampon at the place victim said she had been raped. All of defendant's witnesses testified he had a dark-colored pickup truck, and one of his witnesses testified that defendant was in the habit of carrying clothes in his truck. While the corroborating evidence does not tend to establish the rape itself, it does support the victim's testimony as to identity of the perpetrator and as to the details of the incident. We find that the state made a submissible case and that the verdict is supported by the evidence.

In his second point, defendant contends that a proper foundation was not laid for the deputy's testimony that the tire tracks in the field were made by a pickup truck, and, therefore, the court erred in permitting that testimony to stand. Initially, we note that defendant did not allege that point in his motion for new trial and, thus, did not preserve the point for appellate review as required by Rule 29.11(d). *State v. Harris,* 620 S.W.2d 349, 354 (Mo. banc 1981). Further, on cross-examination, defendant's counsel elicited testimony from the deputy that demonstrated the deputy's qualifications to express his opinion as to

the origin of the tire tracks and the basis upon which he formed that opinion. We find no manifest injustice.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.