**STATE of Missouri, Respondent,**

v.

**Anthony DALY, Appellant.**

**No. 51628.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 14, 1987.

Motion for Rehearing and/or Transfer Denied May 20, 1987.

Application to Transfer Denied July 14, 1987.

Raymond A. Bruntrager, St. Louis, for appellant.

William L. Webster, Atty. Gen., Mary Joe Smith, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals following his conviction of three counts of receiving stolen property. The trial court, finding defendant to be a persistent offender, sentenced defendant to a term of five years on each count with the sentences to run consecutively. We affirm.

Defendant's conviction arose from an undercover operation conducted by the St. Louis County Police Department. A police informant, posing as a shoplifter, contacted defendant indicating she wanted to sell him shoplifted goods. Defendant met with the informant on three separate occasions. Each time the informant was wired with a receiver so that the police officers could record her conversations with defendant. Defendant purchased what were purported by the informant to be stolen cigarettes, liquor, and cordless telephones.

Defendant was indicted on October 15, 1984, on three counts of receiving stolen property, § 570.080, RSMo 1986, a class C felony. In his first point on appeal, defendant contends the trial court erred in denying his motion to dismiss the indictment for want of a speedy trial. Defendant contends the seventeen month delay from the time defendant was indicted until he was tried denied him his sixth amendment right to a speedy trial. It is defendant's contention that the state purposely delayed defendant's trial awaiting the outcome of a case then pending in the Missouri Supreme Court addressing whether a defendant may be charged with receiving stolen property, as opposed to attempting to commit the offense, where the subject property was not in fact stolen.

In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court instituted a four factor balancing test for analyzing infringement of sixth amendment speedy trial claims. Under this test a court is to weigh the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant. *Barker, supra*, 407 U.S. at 531, 92 S.Ct. at 2192.

The first factor, the length of the delay, is a "triggering mechanism" in that until there is a delay which is presumptively prejudicial, it is unnecessary to inquire into the remaining factors of the balancing test. *Id.* A precise formula for determining whether a given delay is presumptively prejudicial has not been established. As a general rule, however, Missouri courts are hesitant to preclude further inquiry into the *Barker* factors. *State v. White*, 689 S.W.2d 699, 702 (Mo.App.1985).

Assuming then, that the seventeen month delay is presumptively prejudicial, the next factor to be considered is the reason for the delay. While a deliberate attempt to delay a trial in order to hamper the defense should be weighted heavily against the state, a more neutral reason such as negligence or overcrowded courts should be weighted less heavily, although the ultimate responsibility for such circumstances must still rest with the state. *Barker, supra*, 407 U.S. at 532, 92 S.Ct. at 2192.

There is no evidence here of a deliberate attempt to delay the proceedings by the state. The docket sheets show no motions for continuances filed by the state.

There appear to be several factors which contributed to the delay, most of which can be attributed to defendant. First, shortly after defendant was indicted in October 1984, his probation on a federal offense was revoked and he was incarcerated in a federal institution in Indiana until his release in April 1985. The ultimate responsibility of bringing a defendant to timely trial is the state's even though the defendant may be incarcerated for another charge. Such a factor causing delay, however, reflects no dereliction by the state. *See Stokes v. State*, 688 S.W.2d 19, 23 (Mo.App.1985).

Any deficiency on the part of the state is overridden by defendant's contribution to the delay by numerous changes in attorneys and the filing of several motions. Four different attorneys represented defendant over this seventeen month period and their appearances and withdrawals occurred during critical stages. Defendant's first attorney withdrew on the day of the first trial setting date. Defendant's second attorney withdrew seven days before the second trial setting date and his third attorney entered his appearance only four days before the second trial setting date. Defendant's trial began three months after his fourth and final attorney entered his appearance. The docket sheets fail to show any motions for continuances filed by defendant's attorneys. It must be presumed, however, that each of defendant's attorneys needed time to prepare a proper defense, especially considering the critical stages in which change of counsel were had. *See State v. Granger*, 680 S.W.2d 258, 262 (Mo.App.1984).

Moreover, defendant filed numerous motions that were still outstanding as of December 2, 1985, the date defendant's fourth and final attorney entered his appearance. On December 27, 1984, defendant filed a

motion to suppress and exclude confessions, a statement against interest, and a request for discovery of physical evidence. On March 18, 1985, defendant filed a motion to dismiss the indictment. The record fails to show that defendant pursued a ruling on these motions.

At oral argument, defendant's counsel contended these outstanding motions did not contribute to the delay as it is the practice in St. Louis County Circuit Court to take up motions immediately prior to selection of the jury. There is nothing in the record, however, to indicate such a practice. If anything, the record indicates a procedure to the contrary as the docket sheets show hearings on said motions were set and re-set for dates other than trial date settings. Such delay is not weighted against the state. *State v. Cullen,* 682 S.W.2d 132, 135 (Mo.App.1984).

The third factor under *Barker* is when and how defendant asserted his right to a speedy trial. Defendant did not assert his right until five days before trial and almost seventeen months after indictment. Moreover, defendant asserted his right in a motion to dismiss the indictment as opposed to a motion for an immediate trial, indicating a desire to avoid trial rather than to secure a speedy trial. *Barker, supra,* 407 U.S. at 535–36, 92 S.Ct. at 2194. We weigh this factor against defendant.

The final factor to be weighed is whether the delay actually prejudiced defendant. To require reversal, the resulting prejudice must be actual prejudice apparent on the record or by reasonable inference, not speculative or possible prejudice. *State v. Buckles,* 636 S.W.2d 914, 920 (Mo. banc 1982).

Defendant claims prejudice from the delay in that he was unable to locate two witnesses present at the time of the transaction. Defendant claims these witnesses would have testified that the informant told defendant the goods were not stolen.

These witnesses were known to defendant at the time of the transaction and defendant could have sought their statements at any time. In addition, the police reports were available for discovery by defendant long before trial but defendant failed to inspect them until only one week beforehand. Further, there is nothing in the record to indicate that these witnesses would have in fact testified favorably to defendant. We fail to see how their testimony could have helped defendant when it was clear from the tape recorded conversations that the goods had been shoplifted. Defendant's own statements contained therein proved his belief that the goods were stolen: "We got a couple of other people who shoplift."

Next, defendant contends he was prejudiced by a change in the law before he was brought to trial and was thus subject to conviction of a higher offense and faced a sentence for a longer term.

Defendant was indicted on October 15, 1984, of three counts of receiving stolen property, a class C felony. On December 17, 1985, the Missouri Supreme Court in *State v. Sweeney,* 701 S.W.2d 420 (Mo. banc 1985), held that a defendant may be charged with the completed offense of receiving stolen property under § 570.080, RSMo 1986, as long as the accused believes the goods to be stolen, regardless of whether the property has in fact been stolen. *Sweeney, supra,* at 424.

Prior to *Sweeney,* the common practice was to charge a defendant with *attempting* to receive stolen property where the property was not actually stolen. That the property in question actually be stolen was treated as an element of the completed offense of receiving stolen property. *State v. Hurd,* 657 S.W.2d 337, 339 (Mo.App. 1983); *State v. McCoy,* 647 S.W.2d 862, 864 (Mo. App. 1983). The charges against defendant were not increased after *Sweeney* to receiving stolen property. Defendant was originally indicted for the completed offense of receiving stolen property. Had defendant been tried before the *Sweeney* decision, the most that could be said is that defendant's case would have provided the test case for interpretation of § 570.080, RSMo 1986.

Even if the state would have been forced to reduce defendant's charges to the lesser offense of attempting to receive stolen

property, here a class D felony, § 564.011.-3(3), RSMo 1986, he still would have been subject to sentencing as a persistent offender, § 558.016.1, RSMo 1986, and could have been given consecutive sentences, § 558.026.1, RSMo 1986. As a persistent offender, defendant was subject to a maximum sentence of fifteen years on each count for the class C felony of receiving stolen property. § 558.016.6(3), RSMo 1986. For the class D felony of attempting to receive stolen property, defendant could have been sentenced to a maximum term of ten years on each count § 558.016.6(4), RSMo 1986. The trial court only sentenced defendant to a term of five years on each count. We fail to see any actual prejudice to defendant.

We conclude any prejudice resulting to defendant was due to his own contributions to, and acquiescence in, the delay. Defendant's constitutional right to a speedy trial was not infringed.

■ In his second point on appeal, defendant contends the trial court erred in allowing the jury to hear tape recorded conversations defendant had with the police informant. Defendant contends he was prejudiced thereby in that the audio tapes contained evidence of other crimes and inferred bad character to defendant. It is defendant's contention that the tapes could have been easily edited to exclude the prejudicial portions.

The rule against the admission of evidence of other crimes does not apply where the evidence tends to show defendant's intent and is part of the res gestae. *Sweeney, supra,* at 424. Defendant's belief that the goods were stolen was an essential element of the crime. The statements were relevant to show defendant knew that he was committing a criminal act and believed the goods to be stolen.

Furthermore, "[a] determination of what is reasonably separable is left to the sound discretion of the trial court." *State v. Powell,* 595 S.W.2d 13, 15 (Mo. App. 1979). The trial court concluded that segments of the tape could not be extracted without

making the tape incoherent. We find no abuse of the trial court's discretion.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.