STATE of Missouri, Respondent,

v.

Gregory L. LEWIS, Appellant.

No. WD 38573.

Missouri Court of Appeals,
Western District.

May 19, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 30, 1987.

Application to Transfer Denied
Sept. 15, 1987.

**516**

Sean D. O'Brien, Public Defender, Kansas City, David S. Durbin, Asst. Public Defender, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

PRITCHARD, Presiding Judge.

By the verdict of a jury, appellant was found guilty of burglary in the first degree of a home at 6849 Oak Street, Kansas City, Missouri. Upon a finding that he was a persistent offender, the trial court nevertheless sentenced him as a "prior offender" to 12 years imprisonment rather than an enhanced punishment of up to 30 years under § 558.016, RSMo 1986.

The sufficiency of the evidence is not questioned. It suffices to state that appellant was caught by police inside the home which had three window panes broken out in a glass door which led from the house onto a screened-in patio area. Appellant, when arrested, was standing inside the house and appeared to be trying to open its front door.

Appellant's first point posits that the trial court erred in overruling his objections to two of three exhibits offered to prove that he was a persistent offender. Exhibit #1 is a penitentiary record showing that "Gregory Lynn Lewis" had received a two-year sentence on June 10, 1982, and two consecutive two-year sentences on August 6, 1982, for the crimes of burglary in the second degree and stealing over $150. Exhibit #1 recites a birthdate of 10–22–62, includes a photograph of the inmate and a physical description stating that he had a small scar on his upper right eyelid, and a half-moon shaped upper front gold tooth. Exhibit #2 is an information and judgment, with a birthdate of 10–23–62, showing that "Gregory Lynn Lewis" was sentenced for burglary in the second degree on June 10, 1982, to two years imprisonment. Exhibit #3 shows that "Gregory L. Lewis", birthdate 10–23–62, was sentenced for burglary in the second degree and stealing over $150 to two consecutive terms of imprisonment, to run concurrently with a prior two year sentence for burglary in the second degree.

■ Appellant's claim is here directed toward the admission of Exhibits #1 and #3, first claiming the discrepancy in birthdates therein, and then the difference in names, "Gregory Lynn Lewis" and "Gregory L. Lewis". Considering the last contention first, the case law is clear that a discrepancy in the middle name is of little significance when there is additional evidence showing that the names belong to the same person. *Ballard v. State*, 615 S.W.2d 589, 592 (Mo.App.1981). Furthermore, although the state bore the burden of proving that appellant was a persistent offender, the state here made a prima facie showing of identity of appellant where his first and last names are the same as shown in the record of previous conviction. Here, there is additional evidence of identity of appellant in the penitentiary record showing his photograph and physical description, which the trial court had before it. See *State v. Stanback*, 719 S.W.2d 896, 899 (Mo.App.1986). This additional evidence also clears up any discrepancy in birthdates, and it is of no moment that appellant's counsel stated to the court that there was another Gregory L. Lewis with the same year of birth as appellant in the county jail at the time. That statement is not evidence.

This court is unable to perceive any prejudice to appellant by the receipt of evidence of prior offenses inasmuch as he was not sentenced as a persistent offender, but received less than the maximum sentence under the present charge. Point I is overruled.

In Point II, appellant contends that the trial court erred in overruling his objections or denied his request for mistrial when the state alluded to evidence of other crimes committed by him. The first incident related to the direct examination of Detective Panuco: "Q. * * * Did he tell you why he did this? A. He said that he had been stealing to support a habit. Q. What kind of habit? A. Cocaine habit. Q. Okay. Did he relate anything else regarding this burglary?" An objection was made on the ground that Panuco's testimony indicated evidence of other crimes, which objection was overruled. It is apparent that the objection was not timely because it was not made until the answer was given. *State v. Maynard*, 714 S.W.2d 552, 556–557 (Mo.App.1986). Regardless of that impediment, however, appellant's argument, that the testimony implied that he was buying and using an illegal drug and stealing to obtain money therefor, is without merit because of the exceptions to the rule excluding evidence of other crimes. See *State v. Hancock*, 451 S.W.2d 6, 8 (Mo.1970): (1) Motive; (2) Intent; (3) Absence of mistake or accident; (4) Common scheme or plan; and (5) Identity. Here, appellant had a *motive* for the burglary—to get money to support his habit; it was his *intent* to steal for that purpose when he entered the residence; it was not a *mistake* that he did so; and it showed his *common scheme* or *plan* to support his habit.

The second incident concerned direct and cross-examination of appellant as to his purchase of drugs from a seller. On direct examination, appellant testified that he agreed to purchase cocaine from the seller who asked him how much he was planning on getting, and appellant answered, "Well, $200". The seller then told him he could get $400 for the $200, then sell it and get his money back, to which appellant said, "Okay". Then, on cross-examination of appellant, he was asked, and answered affirmatively, if the seller was going to give him $400 worth of cocaine so he could use some and sell some and get his money back. An objection was made, again untimely, with no grounds stated therefor,

and no motion was made to strike the answer. The matter is not properly preserved for review, but it is disposed of upon the basis that appellant first injected it in his own direct examination, for which he may not complain. *State v. Miller*, 593 S.W.2d 898, 899 (Mo.App.1980).

The third incident involved appellant's cross-examination of Panuco: "Q. And there was no other officer there when you were interviewing him [appellant] after giving him his warning? A. The only time there was another officer there is [was?] when he voluntarily agreed to point out residences that he—." Upon interruption of the testimony, counsel told the court that the matter involved other crimes—burglaries, and a mistrial was requested and denied. The request that the jury be admonished was honored and the jury was told to disregard the witness' last statements. The answer was incomplete and did not refer to any other specific crimes. The only relief requested was that of the drastic mistrial. If any error occurred, it was cured by the admonishment to the jury. *State v. Ianniello*, 671 S.W.2d 298, 302 (Mo.App.1984), controls. The claim arising out of the third incident is without merit, and Point III is overruled.

In his last point appellant says that the trial court erred in giving MAI–CR 2d 1.02 and 2.20 in that they improperly define proof beyond a reasonable doubt as proof which leaves the jury "firmly convinced" of defendant's guilt, which he contends reduces the state's burden of proof in a criminal case. These are pattern instructions approved and adopted by the Supreme Court and therefore this court is powerless to declare them erroneous. *State v. Mick*, 674 S.W.2d 554, 558 (Mo.App.1984). Besides, in *State v. Antwine*, (Mo. banc 1987) [No. 67,720, January 13, 1987], it was held that the language "firmly convinced" was "essentially synonymous with 'beyond a reasonable doubt'", and that the pattern instructions properly instructed the jurors of their duties in evaluating the evidence and making a determination of guilt or innocence. The Antwine case has been remanded to the trial court for hearing and

determination that the selection of the jury had a basis other than racial discrimination; Antwine is not yet final. Nonetheless, the synonymity above from Antwine is accurate, and it is herein adopted. Point III, raising the issue, is overruled.

The judgment is affirmed.

All concur.