**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Robert WYATT, Defendant/Appellant.**

**No. 57465.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 25, 1991.

Rosalynn Koch, Columbia, Jefferson City, for defendant/appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

PER CURIAM.

A jury convicted defendant of two counts of sodomy performed on victim A (Counts I and II) and two counts of sodomy performed on victim B (Counts III and IV). The trial court sentenced him as a prior offender to concurrent five year prison terms for Counts I and II to run consecutively to concurrent five year prison terms for Counts III and IV. We affirm in part and reverse in part.

The state's evidence revealed that during the summer of 1988 defendant resided with the victims, their two sisters, and their father and mother. Victim A was seven years old and victim B was five. Victim A testified that defendant touched her with his finger in her "private." She explained that "private" referred to the area between her legs and that defendant inserted his finger in the area, causing her pain. She testified it happened more than once. She told her mother of the incidents, but her mother did not believe her.

Victim B testified that defendant put his finger inside her "private part" and that it hurt "a little bit." She also touched defendant's "private parts" with her hand and tongue.

A police officer responded to a hot-line call from the Division of Family Services and took the victims to the hospital. A physical examination of victim B revealed inflammation of the genital area and a 15 millimeter dilation of the vaginal opening. The doctor who performed the exam stated that the size of the opening was "markedly abnormal for somebody that age," and was in his opinion the result of sexual abuse. Victim A refused to submit to a full physical examination.

On appeal, defendant primarily challenges the sufficiency of the evidence to sustain his convictions of Counts I and II. In determining the sufficiency of the evidence, we accept as true all evidence supporting the jury's verdict as well as all inferences which reasonably may be drawn from the evidence. We disregard all contrary evidence and inferences. *State v. Farris*, 639 S.W.2d 279, 281 (Mo.App.1982).

Defendant first argues that victim A's testimony was contradictory and in need of corroboration. Generally, the uncorroborated testimony of a sodomy victim is sufficient to sustain a conviction unless it is so inherently contradictory or unbelievable as to cloud the mind of the court with doubt. *State v. Burke*, 719 S.W.2d 887, 888 (Mo.App.1986). Inconsistencies related to non-essential matters do not destroy the submissibility of the case. *Id.* Here, victim A's testimony was entirely consistent as to the essential elements of the offense. While certain portions of victim A's testimony were contradicted by other witnesses, the contradictions related only to non-essential, collateral matters. Point denied.

Defendant also argues that the state failed to make a submissible case as to Count II. We agree. The only evidence that victim A was sodomized more than once came in response to a leading question asked just after victim A had described how defendant sodomized her: "Q. All right. Did this happen more than one time?" The victim responded, "Yes."

Several factors are considered in determining whether a defendant may be convicted for multiple counts of sexual offense arising out of an extended criminal episode. Most of the cases discussing the topic involved the crime of rape, but the principles announced therein have been applied by analogy to sodomy cases. *See State v. Davis*, 624 S.W.2d 72, 77 (Mo.App.1981).

One factor is time, i.e. were the acts separated by significant amount of time. *State v. Childs*, 684 S.W.2d 508, 511 (Mo.App.1984); *Vaughan v. State*, 614 S.W.2d 718, 722 (Mo.App.1981). Another factor is the place at which the act or acts were committed. *State v. Dennis*, 537 S.W.2d 652, 654 (Mo.App.1976). The preeminent factor is the defendant's intent, i.e. did he on more than one occasion form the intent

to commit a sexual offense. *Id.* *See also* Annot., 81 A.L.R.3d 1228 (1977).

Here, it is impossible to apply these factors and determine whether defendant committed more than one offense. Although victim A indicated that "it happened more than one time," in the context it is entirely possible that she was referring to one episode where defendant inserted his finger into her vagina more than once. One cannot determine whether a significant amount of time separated the acts or whether defendant formed a new intent to commit sodomy. Thus we conclude the evidence was insufficient to support convictions for more than one count of sodomy. *See James v. Cupp,* 65 Or.App. 377, 671 P.2d 750 (1983); *People v. Hammon,* 191 Cal.App.3d 1084, 236 Cal.Rptr. 822 (Cal.App. 3 Dist.1987); *State v. Dudrey,* 330 N.W.2d 719 (Minn.1983).

■ In his final point, defendant makes a claim of ineffective assistance of counsel. This claim is cognizable in a Rule 29.15 proceeding and may not be presented for the first time on direct appeal. *State v. Wheat,* 775 S.W.2d 155 (Mo. banc 1989). After this court took the case under submission, and upon motion of defendant, we suspended the appeal in accordance with Rule 29.15(*l*) while defendant proceeded with his motion for post-conviction relief under Rule 29.15. The motion court denied defendant's motion, and defendant has not taken an appeal from that denial. Point denied.

Judgment reversed as to Count II; in all other respects the judgment is affirmed.