STATE of Missouri, Plaintiff–
Respondent,

v.

John DREWEL, Defendant–Appellant.

No. 60517.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 30, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Craig A. Johnston, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant was convicted for felony stealing, § 570.030, RSMo 1986, in the Circuit Court of Franklin County and sentenced as a prior and persistent offender to eleven years in prison. On appeal defendant claims the trial court erred: (1) because defendant was denied effective assistance of counsel due to his trial counsel's conflict of interest; (2) in failing to grant defendant's motion for a continuance because an alibi witness was not present; (3) in entering judgment against defendant for $47.00 for the Crime Victim's Compensation Fund; (4) in failing to declare a mistrial *sua sponte* following statements by the prosecutor in his closing argument; (5) in overruling defendant's motion to dismiss because of prosecutorial misconduct; (6) in not declaring a mistrial *sua sponte* because of a question asked by the prosecutor; and (7) in overruling defendant's motion for a directed verdict at the close of all the evidence because the evidence was insufficient to support a charge of felony stealing. We affirm defendant's conviction but remand to the trial court as to the judgment against defendant on the Crime Victim's Compensation Fund for reassessment.

Viewed in a light most favorable to the verdict, the following evidence was adduced: On September 2, 1987, defendant, Lynden York and Lyndell Sweeney went to Owensville Park. At the park a man told defendant that defendant could get some tires at Gerald Auto Parts. Later that evening defendant, Sweeney, York and defendant's wife, Zola Drewel, got into Sweeney's van and went to Gerald Auto Parts. They arrived there between 10:30 and 11:00 p.m.

Gerald Auto Parts was a salvage yard and wholesale dealer of auto parts which was not open to the public. Defendant and his accomplices entered the salvage yard by going to the rear of the establishment and following a pipeline through an area

where brush had been removed. Once inside the salvage yard the group took 12 wheels and 12 tires off of various cars and put them into the back of the van. They then returned to Owensville leaving the wheels and tires in the van that night.

The next morning, September 3, 1987, Donald Gaehle, the live-in manager and watchman for Gerald Auto Parts, noticed the wheels and tires missing and reported the theft to police. On that same day, defendant and Sweeney went to a DX Service Station in Bland, Missouri and had two of the tires placed on Sweeney's van. They were then joined by York and they sold four of the tires to D & H Tires. The next day they went to Belle, Missouri and sold four more of the tires. They divided the money they received equally. The remaining two tires were placed on defendant's pickup.

Defendant called his ex-wife, Zola Drewel, to testify on his behalf. Zola testified that defendant was with her at a friend's house from 5:30 p.m. to 10:30 or 11:00 p.m. and that they were at home from 11:00 p.m. to 1:00 a.m. The state called Zola's mother and step-father to rebut her testimony. Zola's mother claimed Zola told her she did not know where defendant was the night of the thefts. Zola's step-father testified that Zola told him she was with defendant and the others at the junkyard and that they pulled off the theft against her will.

After the close of the evidence the jury found defendant guilty as charged and the trial court sentenced defendant as a prior and persistent offender to eleven years in prison. This appeal followed.

■ Defendant's first point contends that his attorney was hindered by a conflict of interest. In effect defendant's claim is one of ineffective assistance of counsel. *See Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Such a claim is to be brought in a Rule 29.15 proceeding and may not be presented for the first time on direct appeal. *State v.*

*Wyatt,* 811 S.W.2d 55, 57 (Mo.App.1991). We reject defendant's first point.

Defendant's second point claims the trial court erred in failing to grant defendant's motion for a continuance. Defendant asked for the continuance in order to secure the attendance of a possible alibi witness.

■ The denial of a motion for a continuance rests within the sound discretion of the trial court and will not be disturbed absent a strong showing of abuse. The party requesting the continuance bears the burden of demonstrating prejudice resulting from the denial. *State v. Sweet,* 796 S.W.2d 607, 613 (Mo. banc 1990) (citations omitted). Rule 24.09 states: "An application for a continuance shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application be made orally." The record does not indicate that the state consented to an oral motion for a continuance and, therefore, defendant's failure to request the continuance by a written motion with a supporting affidavit is sufficient grounds to affirm the trial court's ruling. *State v. Harris,* 781 S.W.2d 137, 145 (Mo.App.1989). In addition, it must be pointed out that the alibi witness' testimony would have been cumulative and would not have necessarily been inconsistent with the state's evidence. Thus, we find the trial court did not abuse its discretion in denying defendant's motion for a continuance. Point denied.

■ Defendant next contends the trial court erred in entering judgment against him for $47.00 for the Crime Victim's Compensation Fund, because at the time of his offense, § 595.045, RSMo 1986, was in effect and it only allowed for a $36.00 judgment to be assessed against defendant.[1] Defendant is correct as to this point and therefore we remand to the trial court with directions that the $47.00 judgment be

---

1. A later version of § 595.045, in effect at the time of sentencing, allowed for the $47.00 judg-

ment against defendant.

withdrawn and a new judgment of $36.00 be entered.

■ On his fourth point defendant claims the trial court plainly erred in failing to declare a mistrial *sua sponte* because of remarks made by the prosecutor in closing argument. In particular defendant points to these comments by the prosecutor: (1) "But ask yourselves when you retire to the jury room, who convinced me that he or she was telling the truth, and who sat over here and fidgeted and asked you to believe a preposterous sequence of events in order to find that the defendant is not guilty?;" and (2) "You're here to decide who you're going to believe and who gave you the best statement of the facts." Defendant did not object to these statements at trial and did not raise his claims in his motion for a new trial. Therefore, defendant is asking for plain error review.

■ To reverse under plain error review defendant must have suffered manifest injustice from the error. To have been manifestly unjust, the closing argument must have had a decisive effect on the jury. *State v. Martin*, 770 S.W.2d 384 (Mo.App. 1989) (Citations omitted). The comments defendant objects to dealt with the credibility of the witnesses and the prosecutor is allowed to comment on this subject. *State v. Vitale*, 801 S.W.2d 451, 457–458 (Mo. App.1990). The comments do not, as defendant suggests, shift the burden of proof and, therefore, we find there was no manifest injustice to defendant. Point denied.

■ Defendant's fifth point alleges the trial court erred in overruling his motion to dismiss which was filed because of a telephone call made by the prosecutor to defendant's alibi witness, Zola Drewel. The prosecutor spoke to Zola about five days prior to the trial and asked her what her testimony would be if called as a witness. Zola replied that she would provide defendant with an alibi. At this time the prosecutor had information that Zola was at the crime scene. The prosecutor told Zola this and then warned her that if she testified to facts which she knew were not true she could be charged with perjury.

At the hearing on the motion to dismiss the trial court asked Zola the following: "All right, Ma'am, you understand that if you're called to testify today, that you must tell the truth, the whole truth, without risk or fear of perjury, if you're telling the truth; you understand that?" Zola replied "Yes," and later testified as a defense witness in an attempt to provide defendant with an alibi.

■ A prosecuting attorney may in some instances advise prospective witnesses of the penalties for testifying falsely, however, when giving these warnings the prosecutor cannot go so far as to threaten and intimidate the witness into not testifying. *United States v. Risken*, 788 F.2d 1361, 1370 (8th Cir.1986). In *Risken* the prosecuting attorney warned one of the witnesses of the serious consequences of perjury. In finding there was no prosecutorial misconduct the court pointed out that the prosecutor did not threaten to prosecute the witness for other crimes or to retaliate against him if he testified truthfully. *Id.* at 1371. The court did, however, caution that prosecutors "should exercise considerable restraint when advising potential witnesses about the consequences of committing perjury." *Id.*

Here, the prosecutor warned Zola of the consequences of perjury, however, he did not threaten to prosecute her for other crimes if she did testify. In fact, Zola stated she understood that she had no fear of perjury if she testified truthfully and she then testified on behalf of defendant. Therefore, we find no abuse of discretion in the trial court's decision to overrule defendant's motion to dismiss. Point denied.

■ Defendant's sixth point claims the trial court plainly erred in not declaring a mistrial *sua sponte* based upon a question asked by the prosecutor of defense witness Zola Drewel. The question which defendant now claims was improper is as follows: "Did I tell you that, if you testified that [defendant] was with you on that evening at your home, then you would stand a chance of being charged with perjury, based on other information that would be available?" Defendant argues the prosecu-

tor, through the guise of a question, was telling the jury that he believed Zola was committing perjury. Defendant failed to object at trial or raise the issue in his motion for a new trial. The defendant's claim is without merit.

The declaration of a mistrial is a drastic remedy which should only be employed in the most extraordinary circumstances. *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985). *cert. denied*, 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986).

 We do not expect trial judges to assist counsel in the trial of a lawsuit. Too often they are accused of trying "my law suit." They preside to judge a lawsuit. *Sua sponte* action should be exercised only in exceptional circumstances. In the case *sub judice* the judge was in a better position to evaluate the prejudicial effect of the proffered question and, although not objected to, determined that no harmful result occurred. Therefore, the trial court was correct in not offering a *sua sponte* declaration.

In his final point defendant contends the trial court erred in overruling his motion for a directed verdict at the close of all evidence, because the evidence was insufficient to support his conviction for felony stealing. In particular, defendant argues the state failed to prove that he appropriated the property of Gerald Auto Parts without its consent.

In reviewing the record to determine whether there was sufficient evidence to support a conviction we must accept the state's evidence as true, whether circumstantial or direct, and give the state the benefit of all reasonable inferences, disregarding all evidence and inferences to the contrary. *State v. Dunavant*, 674 S.W.2d 685, 686 (Mo.App.1984). Our determination is "whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged." *Id.* We find there was sufficient evidence in the case at hand.

The evidence indicated that defendant surreptitiously entered Gerald Auto Parts at night and removed tires belonging to Gerald Auto Parts without paying for them. The live-in manager of the salvage yard did not remember anyone giving defendant and his accomplices permission to take the tires and, therefore, the manager called the police and reported the theft. The tires were marked and identified as belonging to Gerald Auto Parts. From this evidence it could be deduced that defendant did not have consent to take the tires and there was direct evidence that the tires belonged to Gerald Auto Parts. Defendant's final point is denied.

This matter is remanded to the trial court with directions to withdraw the $47.00 judgment assessed against defendant and enter a judgment of $36.00 for the Crime Victim's Compensation Fund. In all other respects, the judgment is affirmed.

STEPHAN and CRIST, JJ., concur.