**STATE of Missouri, Respondent,**

v.

**Jerry Tim CORONA, Appellant.**

**No. 18049.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 11, 1993.

Marcie W. Bower, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

A jury found Jerry Tim Corona (Defendant) guilty of the sale of a controlled substance (amphetamine), § 195.211, RSMo Cum.Supp.1991, and he was sentenced as a persistent offender to 25 years' imprisonment. This appeal followed.

Defendant presents three points relied on. The first point avers the trial court (a) erred in permitting the State "to elicit evidence that O'Meara and [Defendant] were preparing to inject amphetamine," and (b) committed plain error "in failing to declare a mistrial, *sua sponte*, when the state inquired into [Defendant's] previous drug use." Defendant further complains the trial court erred in overruling his objection when the prosecutor asked defense witness O'Meara if he had ever used drugs with Defendant (Point II), and giving the instruction defining reasonable doubt (Point III).

Since the sufficiency of the evidence to support the verdict is unchallenged, we

only briefly state the evidence necessary for consideration of the assigned errors.

On April 25, 1990, C.W. Townsend was working as a Missouri State Highway Patrol undercover agent. In that capacity he had previously become acquainted with Richard O'Meara. Townsend had indicated to O'Meara his desire to buy some amphetamine and O'Meara stated the drug could be purchased from a person nicknamed "Home Boy." On the above date, Townsend and O'Meara went to Defendant's home in Clinton, Missouri, to purchase amphetamine. After introductions, Defendant left Townsend and O'Meara in the home for about five minutes while he obtained the amphetamine. Upon his return, Defendant tossed a plastic bag containing a white substance to Townsend who then paid Defendant $300. Townsend and O'Meara departed and went to O'Meara's house.

At O'Meara's house, Townsend gave O'Meara a quarter gram of the substance as payment for setting up the buy. O'Meara with his wife then made preparations to inject the substance. When the preparations commenced, he told his two children to go outside. Shortly thereafter, Defendant arrived at the O'Meara house. As Townsend left the house, O'Meara and Defendant were preparing to inject the substance with syringes.

At trial, O'Meara testified he had known Defendant for two or three years, that he did not know Townsend nor did he take Townsend to Defendant's home on April 25, 1990. On cross-examination, O'Meara asserted his Fifth Amendment privilege when asked if he had ever used drugs with Defendant.

Defendant testified he sold no drugs to Townsend and Townsend was not at his home on April 25, 1990. On cross-examination, Defendant admitted using marijuana and amphetamine but denied ever injecting amphetamine in his arm.

Regarding Point I(a), prior to trial, Defendant had filed a Motion in Limine to exclude any evidence of Defendant's preparing to inject amphetamine. The motion was overruled on the basis that such evidence would tend to prove an element of the State's case, i.e., Defendant knew it was a controlled substance or he consciously disregarded the risk that it was.

As we read the record, Townsend testified without objection that he observed Defendant and O'Meara preparing to inject drugs when he left O'Meara's house. However, Defendant maintains he did object to such testimony with a page reference to the transcript where Townsend was beginning to describe preparations of O'Meara *and his wife* to inject the drug before Defendant arrived. At that point, the following exchange occurred:

[Defense Counsel]: Judge, I will object to any further testimony on this. Can we approach?

The Court: You may.

### Bench Conference

[Defense Counsel]: I assume he is getting ready to testify that he injected the drugs in his arm and if he is, I want my [sic] to renew my Motion In Limine. If you would allow him to testify that O'Meara and Corona used drugs, then I would like to request the Court give a limiting instruction that that is not evidence that drugs were sold.

[Prosecutor]: Judge, we already, we went over this in chambers.

The Court: I thought in chambers we were talking about Jerry Corona using drugs. Now this testimony comes. Do you have evidence that Jerry Corona used drugs?

[Prosecutor]: It will be, yeah, it is forthcoming.

Even if we liberally construe the foregoing as an objection to Townsend's later testimony, Defendant has failed to preserve this issue for review. After the general objection noted, Defendant's counsel requested a limiting instruction. Here, Defendant has expanded his objection by asserting such evidence revealed an uncharged crime, lacked probative value and was prejudicial.

█ Defendant has run afoul of (1) the proscription against interposing one objection at trial and another on appeal and (2)

the rule that an objection must be specific regarding admissibility of evidence and must contain the proper ground for its exclusion, otherwise the appellate court will not convict the trial court of error for overruling the objection. *State v. Jones*, 806 S.W.2d 702, 705 (Mo.App.1991).

 Plain error review, Rule 30.20, on this issue has not been requested and is not required, as the testimony did tend to show the element of knowledge on Defendant's part. Although § 195.211 does not prescribe a culpable mental state, the State, to convict, must prove the Defendant either knew the substance he sold was a controlled substance or acted recklessly with regard thereto. § 562.021.2, RSMo 1986. *See* MAI–CR3d 325.04 and Notes on Use para. 4. Generally, evidence of uncharged crimes is inadmissible unless that evidence has a legitimate tendency to establish Defendant's guilt of the crime charged. *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985), *cert. denied*, 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). Here, the evidence that Defendant was preparing to inject a part of the same substance just previously sold to Townsend would tend to show his guilty knowledge. Clearly, Defendant would not inject the substance if, for example, he knew it was chalk dust. *See State v. McKinney*, 768 S.W.2d 178, 181 (Mo.App.1989); *State v. Rose*, 727 S.W.2d 919, 921 (Mo.App.1987); *State v. Daly*, 731 S.W.2d 315, 318 (Mo.App.1987). Therefore, the testimony was admissible and no plain error resulted.

Part (b) of this point requests our plain error review of the trial court's failure to declare a mistrial, *sua sponte*, when the prosecutor questioned Defendant about his prior drug use. Responding to these questions on cross-examination, Defendant admitted use of marijuana and amphetamine.

 Plain error may be considered in our discretion upon a finding that manifest injustice or a miscarriage of justice has occurred. Rule 30.20. "The assertion of plain error places a much greater burden on a defendant than when he asserts prejudicial error." *State v. Hunn*, 821 S.W.2d 866, 869 (Mo.App.1991). "A defendant must not only show that prejudicial error resulted, he must further show that the error so substantially affects his rights that manifest injustice or a miscarriage of justice will inexorably result if left uncorrected." *Id.* at 869–70.

We are further mindful of the recent admonition regarding plain error review in *State v. Drewel*, 835 S.W.2d 494 (Mo.App. 1992). "We do not expect trial judges to assist counsel in the trial of a lawsuit. Too often they are accused of trying 'my lawsuit.' They preside to judge a lawsuit. *Sua sponte* action should be exercised only in exceptional circumstances." *Id.* at 498.

 Proof of other crimes is generally admissible to prove the crime charged when it tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or (5) identity. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc), *cert. denied*, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987).

 We find no manifest injustice or miscarriage of justice relating to this issue. In *State v. Hudson*, 822 S.W.2d 477 (Mo. App.1991), defendant was charged with robbery. He claimed the trial court committed plain error by allowing the state to present evidence of his purchase and use of drugs with a person named Ward. Rejecting that contention, the appellate court determined the evidence was admissible to show defendant's motive for robbery. *Id.* at 482. The evidence revealed that defendant's mother gave Ward money to recover certain articles which defendant and Ward had previously pawned to obtain drug money. Instead of redeeming the articles, Ward bought drugs which he and defendant consumed. The robbery resulted from defendant's desire to replace the money spent for drugs.

In *State v. Lewis*, 734 S.W.2d 515 (Mo. App.1987), a burglary case, evidence was admitted without a timely objection that defendant was stealing to support his cocaine habit. On appeal, the Court deter-

mined the evidence was admissible to show defendant's *"motive* for the burglary—to get money to support his habit...." *Id.* at 517.

Here, defendant's admission that he used drugs would arguably show his motive to sell drugs, i.e., to get money or drugs to support his use of drugs. Although the admissibility issue is a close one, it has not been preserved and our review is for plain error only. We find no manifest injustice or a miscarriage of justice, especially in view of our ruling that evidence of Defendant's and O'Meara's injecting amphetamine was admissible. The jury already knew Defendant used drugs from that testimony. Point I has no merit.

Point II arises from the prosecutor's cross-examination of defense witness O'Meara who asserted his Fifth Amendment privilege when asked if he had ever used drugs with Defendant. Regarding this point, the transcript reveals the following exchange:

Q. Have you ever used any drugs with this defendant?

[Defense Counsel]: Judge, I am going to object. That is not relevant.

The Court: Overruled.

A. I am going to have to plead the Fifth on that.

On appeal, Defendant claims error in the court's overruling his objection because "the question was designed to elicit evidence of uncharged crimes, allowed the jury to speculate that [Defendant] was guilty of uncharged crimes and improperly impeached a defense witness." The argument portion of defendant's brief omits any reference to the grounds for his objection at trial. His argument simply assumes the relevancy objection at trial allows him to expand the objection and change theories on appeal.

> The trial court must be given an opportunity to rule upon an objection giving stated reasons for exclusion. And the point raised upon appeal must be based upon the theory of the objection as made at the trial.

*State v. Lang,* 515 S.W.2d 507, 511 (Mo. 1974); *see Jones,* 806 S.W.2d at 705.

Clearly, Defendant has not properly preserved this issue for our review. We decline plain error review in light of our ruling on related issues under Point I. Defendant's second point is denied.

Defendant's final point contends the trial court erred in giving MAI–CR3d 302.04, defining proof beyond a reasonable doubt as proof that leaves jurors "firmly convinced." He mainly relies on *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). This contention has been considered and rejected by the Missouri Supreme Court. *State v. Griffin,* 818 S.W.2d 278, 282 (Mo. banc 1991). Defendant's last point is denied and the judgment is affirmed.

FLANIGAN and GARRISON, JJ., concur.