**STATE of Missouri, Plaintiff–Respondent,**

v.

**Daniel Wayne GLADDEN, Defendant–Appellant.**

No. SD 29164.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 11, 2009.

Frank K. Carlson, Sarah K. Tupper, Union, MO, for Appellant.

Chris Koster, Theodore A. Bruce, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Daniel Wayne Gladden ("Appellant") was the elected County Collector of Crawford County, Missouri; he was charged with twenty-six counts of class C felony stealing, in violation of section 570.030,[1] and was convicted of twenty-two of the counts. In addition to prison sentences, Appellant was ordered to make restitution to Ohio Casualty Insurance Company ("Ohio Casualty"). Appellant makes evidentiary challenges in his first five points and challenges the order of restitution in his sixth point. Finding no merit to any of Appellant's claims, we affirm the convictions.

The Missouri State Auditor's Office conducted a routine audit of Crawford County ("the County") for the years 2004 and 2005. On July 7, 2005, the prosecuting attorney of the County filed a complaint charging Appellant with stealing $243,539 from the County although the audit determined that over $333,000 was stolen from the Collector's office. In the court-tried case, Randall Gordon, the State audit manager who managed the County audit, testi-fied extensively to the results of the audit. Appellant's first three points claim trial error in allowing the testimony of Mr. Gordon. All three of Appellant's points are intertwined. The first two points appear to challenge Mr. Gordon's testimony because the testimony was based on unsworn, out-of-court statements and records created by other people who were not present at trial, and the third point claims there was no foundation for Mr. Gordon's testimony because it was not based upon admissible facts or data.

First, it is arguable that none of the three points comply with Rule 84.04(d),[2] in that each of the points challenges "the testimony of Randall Gordon." Appellant apparently is challenging the testimony *in toto* because none of the points specify which testimony of Mr. Gordon is objectionable. Furthermore, Appellant's third point simply claims that the "his testimony" was not based upon admissible facts or data without any indication of what specific testimony was objectionable. We are not assisted by Appellant's statement of facts because Appellant states: "Mr. Randall Gordon, an audit manager with the Missouri State Auditor's Office testified, over numerous repeated continuing objections, about the conduct of the audit and the opinions Mr. Gordon had arrived at from the audit," then cites to pages 12 through 118 of the transcript. It is not clear from the point or the argument, but it appears that Appellant is contending that not one statement of Mr. Gordon throughout 106 pages of testimony was admissible.

We are left with determining the basis of Appellant's complaint regarding Mr. Gordon. Although we are justified in dis-

---

1. The charges against Appellant were based on events from April 2001 through July 2005. The reference to section 570.030 includes all versions of the statute that were in effect during that time period, including RSMo 2000 through RSMo Cum.Supp.2006.

2. All rule references are to Missouri Court Rules (2009), unless otherwise specified.

missing all three points, we will review the points in the light as addressed by the State. The State addresses the allegations to be a complaint that the testimony should not have been admitted because it was inadmissible hearsay. If that is the complaint, it has no merit in that the trial court concluded that Mr. Gordon was a qualified expert to testify about the money missing from the County Collector's office.

■■■ An expert witness may give opinions based upon facts that the expert did not personally observe and of which the expert did not have personal knowledge. *CADCO, Inc., v. Fleetwood Enterprises, Inc.*, 220 S.W.3d 426, 434 (Mo.App. E.D. 2007). An expert may rely generally on hearsay evidence as support for opinions, as long as that evidence is a type reasonably relied upon by other experts in the field; such evidence need not be independently admissible. *State v. Haslett*, 283 S.W.3d 769, 778 (Mo.App. S.D.2009). Appellant does not claim that any of the evidence was not reasonably relied upon by other experts in the field, or that Mr. Gordon was not properly designated as an expert witness. Points I, II, and III are denied.

Likewise, Appellant's fourth point suffers from the same deficiencies as his first three points. In this point, Appellant claims that Mr. Robert Moody, a certified forensic examiner since 1977 who was hired by Ohio Casualty to review the records and the audit to determine if and how much the insurance company had to pay on a bond, should not have been allowed to testify because Mr. Moody's testimony was hearsay. Appellant contends that though Mr. Moody testified at trial, his testimony was based upon the report of the auditor, which was hearsay, and, therefore, Appellant's "constitutional right of confrontation" was violated. Again, Appellant gives absolutely no indication of what testimony violated any rules on hearsay or the confrontation clause. In the one-page argument, Appellant claims "[a]s elaborated above in Point I, the records from the Missouri State Auditor's office were themselves hearsay, as they had been prepared using out-of court statements of and records created by people not present at trial."

■■■ The problem with Appellant's point relied on is that at least some of Mr. Moody's testimony was clearly admissible as an admission of Appellant. For instance, Mr. Moody testified that Appellant admitted to him that Appellant had tried to make sure the total of his daily thefts were an amount divisible by nine, as his "trick" was to make the discrepancy look like a mere transposition error on his books. Furthermore, Mr. Moody was designated an expert witness and his qualifications to offer opinions based on a review of records has not been challenged by Appellant at any time. Point IV is denied.

■■■ In his fifth point, Appellant claims that there was insufficient evidence to convict him on any count because "the State failed to adduce any evidence on lack of consent of the owner of the allegedly stolen money." Appellant admits that the commissioner, Presiding Commissioner Worley, testified that he did not consent to the taking but Appellant claims that Commissioner Worley did not testify that *"no-one* had given consent, nor that the County **never** authorized Mr. Gladden to take any money, or that permission to take the money was **never** given." Appellant cites no cases to his apparent claim that the State must produce direct evidence by way of a witness that the County did not consent to the taking of over $300,000 by the collector for his personal use. As such, his

argument is abandoned.[3] We do note that Appellant, as Collector, only had access to the money due to his elected position and, under section 139.210.1 RSMo 2000, the Collector had limited authority of what to do with the money that was collected. Point V is denied.

Finally, Appellant challenges the restitution order to Ohio Casualty. Appellant argues that the trial court erred in ordering Appellant to pay restitution to Ohio Casualty because the insurance company is not a victim under section 559.021, RSMo Cum.Supp.2008.[4] The State argues that Ohio Casualty is a victim under section 559.021 because the company carried Appellant's bond as the County Collector, and it therefore suffered pecuniary loss as a result of Appellant's actions when it reimbursed the County. Appellant claims that Ohio Casualty was not alleged or proven to be the "victim" under section 559.021 because the statute does not authorize an order of restitution to an insurance company that has paid a victim's claim under a bond or policy of insurance. Appellant also claims that the only "victim" of the theft is the person named in the Information. The definition of "victim" is not the dispositive factor in determining whether the trial court acted beyond its authority in this case.

Section 559.021.2, provides in part:

[T]he court may order such conditions [on probation] as the court believes will serve to compensate the victim, any dependent of the victim, any statutorily created fund for costs incurred as a result of the offender's actions, or society. Such conditions may include restorative justice methods pursuant to section 217.777, RSMo, or any other method that the court finds just or appropriate including, but not limited to: (1) Restitution to the victim or any dependent of the victim, or statutorily created fund for costs incurred as a result of the offender's actions in an amount to be determined by the judge[.]

While the payment of restitution under section 559.021.2, is limited to the victim, dependents of the victim, any statutorily created fund for cost incurred as a result of the offender's actions, or society, by the express terms of the statute, the court is not limited to ordering restitution under section 559.021.2(1). The section provides that the court may place conditions on probation that compensate the victim or society, and that such conditions may include, *but are not limited to*, restitution paid to the victim under section 559.021.2(1). The limitation on judicial discretion in placing conditions on probation is merely that the court must find the conditions compensate the victim or society, and that they are "just or appropriate."

Here, the judge found that payment of restitution to Ohio Casualty was just and appropriate because the County, as the direct victim, had already been reimbursed for the loss caused by Appellant's actions, and Ohio Casualty suffered the loss in providing that reimbursement. Whether or not Ohio Casualty qualifies as a "victim" under section 559.021 is inconsequential. The judge deemed direct payment of restitution to Ohio Casualty to be just and appropriate, and therefore acted within the discretion provided him under section 559.021. Furthermore, justice

---

**3.** We do note that the State was not required to have the actual owner of the property testify in order to prove a lack of consent. *See State v. Drewel,* 835 S.W.2d 494, 498 (Mo. App. E.D.1992).

**4.** All references to section 559.021 are to the RSMo Cum.Supp.2008 version in effect at the time of judgment.

would have been no better served had the trial judge ordered Appellant to pay restitution to the County. Appellant would still be ordered to pay restitution, and Ohio Casualty would have to seek either reimbursement from the County or restitution from Appellant in a separate civil action. Payment directly to Ohio Casualty saves additional cost to the County and likely society in this case, and thus best compensates both for the losses caused by Appellant's theft. The payment to Ohio Casualty was just and appropriate under the circumstances; therefore, the court did not exceed the discretion granted to it under section 559.021. Point VI is denied.

The judgment is affirmed.

LYNCH, C.J., BURRELL, P.J., concur.